# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3361
_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Rasean Ratliff

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 24, 2018
Filed: November 21, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Darrell Rasean Ratliff appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   He argues that the

district court[1] erred in calculating his base offense level, and in applying the two-level obstruction-of-justice enhancement. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Ratliff possessed a Ruger LCP .380 pistol, fitted with a ProMag after-market extended magazine. Filled to capacity, the extended magazine could hold 16 cartridges of ammunition. Several times during the summer and fall of 2016, he pointed the Ruger at and threatened others, including his girlfriend. Ratliff had the Ruger in his pants pocket when, during a controlled buy, he sold marijuana to a confidential source. Two hours after the sale, police searched his residence. They found the Ruger equipped with the magazine. The experts agreed that the Ruger, with the ProMag magazine, would fire at least three rounds and was not inoperable.

After his arrest, Ratliff made several phone calls from jail threatening his girlfriend and other potential witnesses. Due to the threatening phone calls, Ratliff was prohibited "from contacting, directly or through a third party" any of the mentioned witnesses. Even so, Ratliff called his girlfriend—who was both the victim and a witness—33 times in 24 days.

This court reviews de novo a district court's application of the sentencing guidelines, and its factual findings for clear error. *United States v. Rohwedder*, 243 F.3d 423, 425 (8th Cir. 2001). A defendant's base offense level is 22 if, "(A) the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine . . . ; and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." U.S.S.G. § 2K2.1(a)(3).

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

"Capable of accepting a large capacity magazine" means "the ability to fire many rounds without reloading because at the time of the offense the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition." USSG § 2K2.1, comment n.2. The district court did not clearly err in finding that the Ruger pistol, equipped with the ProMag magazine, was "functional and fired," and thus was a firearm capable of accepting a large capacity magazine. *See United States v. Pete*, 723 Fed.Appx. 381, 383 (8th Cir. 2018) (holding that the Ruger handgun with the ProMag magazine in that case was capable of accepting a large capacity magazine because "it does fire"), *applying United States v. Davis*, 668 F.3d 576, 579 (8th Cir. 2012).

The district court also did not err in finding that Ratliff's prior convictions—for possession with intent to deliver ecstasy and possession with intent to deliver crack cocaine, in violation of Iowa Code 124.401(1)(c)—were for controlled substance offenses. Ratliff acknowledges that this court has rejected his attack. *See United States v. Maldonado*, 864 F.3d 893, 901 (8th Cir. 2017), *interpreting* USSG § 2K2.1(a)(2) *and* USSG § 4B1.2(b). The district court correctly calculated Ratliff's base offense level.

The district court applied a two-level enhancement for his calls from jail trying to influence witness testimony. This court reviews de novo "the legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range . . . while factual findings underpinning the enhancement are reviewed for clear error." *United States v. Septon*, 557 F.3d 934, 936 (8th Cir. 2009). The district court did not err in finding the jail calls "threats" meeting the requirements of USSG § 3C1.1. The district court has broad discretion to apply a sentence enhancement under USSG § 3C1.1 for obstruction of justice. *United States v. Collins*, 754 F.3d 626, 629 (8th Cir. 2014). The district court properly applied the two-level obstruction-of-justice enhancement.

The judgment is affirmed.

_____